Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JIMMY WILEY,** | ) Case No. 2:10-cv-05890-CAS -VBK |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR VIOLATION** |
| vs. | ) **OF FEDERAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| **CREDIT SOLUTIONS CORP.,** a corporation; and **MICHAEL JOPLIN,** an individual | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| | ) **AND INVASION OF PRIVACY** |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

First Amended Complaint - 1

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3. Plaintiff, Jimmy Wiley ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Credit Solutions Corp. ("Defendant CSC") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5. At all relevant times herein, Defendant, Michael Joplin ("Defendant Joplin") was owner of Defendant CSC.  As an officer, shareholder and/or director of Defendant CSC, Defendant Joplin was responsible for the overall success of the company. Defendant Joplin is a "debt collector" as defined by the FDCPA, 15

First Amended Complaint - 2

U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c): he materially participated in collecting debt by occupying a position of critical importance to Defendant CSC's business; as the owner of Defendant CSC, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through His involvement in Defendant CSC's affairs and Defendant Joplin continued to play a key role in maintaining and expanding Defendant CSC's debt collection activities throughout the time in question.

## IV.  FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. On or about May 2010, Defendant contacted Plaintiff's mother in North Carolina, in an attempt to collect an alleged outstanding debt, disclosing the existence of an alleged debt owed by Plaintiff without expressly requested to.

8. On at least one occasion, Defendant contacted Plaintiff before 8:00 a.m. in connection with an attempt to collect an alleged outstanding debt.

9. On at least one occasion, Defendant contacted Plaintiff after 9:00 p.m. in connection with an attempt to collect an alleged outstanding debt.

10. On average, Plaintiff received from Defendant, more than two collections calls per day, more than five collections calls per day, more than ten collections calls per week, and more than twenty collections calls per month.

11. Defendant has misrepresented the character, amount, or legal status of the alleged debt, including but not limited to, attempting to collect three times the original amount owed.

12. On at more than once occasion, Mr. Henderson, an employee of Defendant, contacted Plaintiff and used obscene and profane language towards Plaintiff.

13. On at least one occasion, Defendant contacted Plaintiff's mother, threatening that non-payment of the alleged debt would result in a legal action taken against Plaintiff and possible arrest of Plaintiff.

14. Defendant has implied or said that non-payment of the alleged debt would result in a wage garnishment, seizure or lien of Plaintiff's property, and/or a legal action against Plaintiff.

15. On at least one occasion, Plaintiff requested that Defendant provide, in writing, verification of the alleged debt.

16. Despite Plaintiff's requests, Defendant sent Plaintiff a letter threatening to report the alleged debt on Plaintiff's credit report, when in fact, Defendant has and continues to report the alleged debt on Plaintiff's credit report.

17. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));
   b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));
   c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));
   d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));
   e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§1692c(a)(1));
   f) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
   g) Failing to disclose the callers individual identity in a telephone call to Plaintiff (§1692d(6));
   h) Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff (§1692d(6));
   i) Placing (a) telephone call(s) to Plaintiff without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));
   j) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));
   k) In connection with collection of a debt, using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of Plaintiff (§1692d(1));
   l) In connection with collection of a debt, using obscene or profane language directed at Plaintiff (§1692d(2))
   m) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff (§1692d(2));
   n) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of

   Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

o) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening (§1692e(5));

p) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

q) Threatening that the failure by Plaintiff to pay Plaintiffs consumer debt will result in an accusation that Plaintiff had committed a crime, where such accusation is false (Cal Civ Code §1788.10(b));

r) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor (Cal Civ Code §1788.10(c));

s) Threatening Plaintiff to sell or assign Plaintiffs obligation to another person, and threatening that the result of such sale or assignment would be that Plaintiff would lose a defense to the consumer debt (Cal Civ Code §1788.10(d));

t) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

u) Falsely representing that Plaintiffs debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges, where, in fact, such fees or charges could not legally have been added to the existing obligation (Cal Civ Code §1788.13(e));

v) Falsely representing that information concerning Plaintiffs failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency (Cal Civ Code §1788.13(f));

w) Falsely representing the true nature of the business or services being rendered by Defendant (Cal Civ Code §1788.13(i)); and

x) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j)).

18. Defendant Joplin as owner of Defendant CSC is directly responsible for Defendant CSC's violations.

19. Defendant CSC's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

18. Defendant CSC's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

19. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

First Amended Complaint - 7

    A.    Declaratory judgment that Defendants' conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

23. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 27th day of September, 2010.

                By: /s Todd M. Friedman_____
                **TODD M. FRIEDMAN (216752)**
                **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
                **369 S. Doheny Dr. #415**
                **Beverly Hills, CA 90211**
                **Phone: 877 206-4741**
                **Fax: 866 633-0228**
                **tfriedman@attorneysforconsumers.com**
                **Attorney for Plaintiff**