Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT LANGLEY AND ROBIN LANGLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> NELSON & KENNARD, ATTORNEYS AT LAW, <br><br> Defendant. | Case No. 2:10-cv-02616-WBS-KJM <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by two individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

First Amended Complaint - 1

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3.  Plaintiffs, Vincent Langley and Robin Langley ("Plaintiffs"), are natural persons residing in Sacramento county in the state of California, and are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3) and are "debtors" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Nelson & Kennard, Attorneys at Law ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     On average, Defendant contacted Plaintiffs more than five times a day, more than ten times a week, and more than twenty times a month, in connection with an attempt to collect an alleged debt.

7.     Defendant contacted Plaintiffs at work phone numbers, despite knowing that it was inconvenient for Plaintiffs.

8.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Communicating with Plaintiffs at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
   b) Causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs (§1692d(5));
   c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiffs (Cal Civ Code §1788.11(d));
   d) Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs (§1692d(6));
   e) Placing (a) telephone call(s) to Plaintiffs without disclosure of the caller's true identity or a registered alias name along with the name of the agency authorizing the call (Cal Civ Code §178811(b));
   f) Communicating, by telephone or in person, with Plaintiffs with such frequency as to be unreasonable and to constitute an harassment to Plaintiffs under the circumstances (Cal Civ Code §1788.11(e));
   g) Failing to notify Plaintiffs during the initial communication with Plaintiffs that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

h) Failing to notify Plaintiffs during each collection contact that the communication was from a debt collector (§1692e(11)).

9. As a result of the above violations of the FDCPA and RFDCPA Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiffs reincorporate by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiffs reincorporate by reference all of the preceding paragraphs.

12. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Respectfully submitted this 30th day of November, 2010.

By: /s Todd M. Friedman_____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**